**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
AT COVINGTON**

**CIVIL ACTION NO. 06-116-WOB**

**RUBEN MORGAN
         a/k/a Benjamin Jenkins,                                             PETITIONER**

**VS.**

**BOONE COUNTY, KENTUCKY,                                            RESPONDENT**

**MEMORANDUM ORDER**

On June 9, 2006, the undersigned magistrate judge recommended the denial and dismissal of petitioner's *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. §2254, both because relief was not available under §2254 but only (if at all) under 28 U.S.C. §2241, and because petitioner had clearly failed to exhaust either remedies available to him under the Interstate Agreement on Detainers (IAD) or through the Kentucky state courts. Although the precise relief sought by petitioner is somewhat unclear, it appears that petitioner seeks to challenge his transfer to Kentucky under the detainer issued by that jurisdiction while petitioner was incarcerated in Ohio. If so, petitioner must proceed through the IAD. *See Norton v. Parke*, 892 F.2d at 480; KRS §440.250 (procedures for extradition and for challenging extradition under state law). As previously stated in the R&R filed June 9, violations of the Interstate Agreement on Detainers do not generally provide any basis for habeas corpus relief. *See Browning v. Foltz*, 837 F.2d 276 (6th Cir. 1988).

Objections to the R&R were due not later than June 23, 2006. On June 27, 2006, petitioner filed a "motion to refile" his habeas corpus petition together with a motion to appoint counsel. In his latest combined motions, petitioner states that he has "filed the proper paperwork in state court" but has not received any decision. The motions are vague as to what "paperwork" has been filed or when, or

1

in which (Ohio or Kentucky) state court. However, one statement refers to petitioner having mailed paperwork on June 12th of this year. Petitioner's motions complain generally that he has appeared in state court (presumably Kentucky) on three occasions for sentencing, but that on each occasion his case has been continued.

Petitioner mistakenly believes that he has exhausted all available remedies merely by filing paperwork or initiating action. However, exhaustion - whether of administrative remedies through the IAD or through the state courts - is not complete until administrative or state court review is **complete**, and decisions have been issued. A pending administrative or state court action is an unexhausted one. Therefore, the analysis of the R&R filed on June 9, 2006 remains unchanged by any recent action on the part of petitioner.

In his motion to appoint counsel, petitioner states that he suffers from untreated and unspecified "mental health problems" that necessitate the appointment of counsel for the instant proceedings. Petitioner's motion to appoint counsel will be denied. The Sixth Amendment right to counsel does not apply in habeas corpus actions. *Knaubert v. Goldsmith*, 791 F.2d 722, *cert. denied*, 479 U.S. 867 (9th Cir. 1986). Any appointment of counsel for indigents in habeas corpus proceedings therefore rests in the discretion of the District Court "unless denial would result in fundamental unfairness impinging on due process rights." *LaClair v. United States*, 374 F.2d 486, 489 (7th Cir. 1967). Factors to be considered by the court in ruling on a request to appoint counsel pursuant to 18 U.S.C. § 3006A are identical to those factors considered in a request for appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1). In this case, those factors disfavor appointment.

The court has already determined that defendant's claim is facially deficient so as to warrant dismissal without the necessity of a response from the Government. Although the defendant's articulation of his claim is not a model of clarity, the court has sufficient information concerning it to

2

determine that the claim is not so unique or complex as to require the appointment of counsel. Despite the defendant's *pro se* status and asserted mental health issues, he has articulated his claim sufficiently to permit the court to evaluate it at this stage of the proceedings.

**Accordingly, IT IS ORDERED THAT:**

1. Petitioner's motion to re-file his petition [DE #4] is **denied**;

2. Petitioner's motion to appoint counsel [DE #4] is **denied**;

3. The record shall be resubmitted to the presiding district judge for consideration of the Report and Recommendation filed on June 9, 2006.

This the 3rd day of July 2006.

Signed By:
*J. Gregory Wehrman*
United States Magistrate Judge