UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
AT COVINGTON

CIVIL ACTION NO. 06-116-WOB

**RUBEN MORGAN**
    a/k/a Benjamin Jenkins,                                             **PETITIONER**

**VS.**

**BOONE COUNTY, KENTUCKY,**                              **RESPONDENT**

**MEMORANDUM ORDER**

The undersigned magistrate judge previously recommended the denial and dismissal of petitioner's *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. §2254, both because relief was not available under §2254 but only (if at all) under 28 U.S.C. §2241, and because petitioner had clearly failed to exhaust either remedies available to him under the Interstate Agreement on Detainers (IAD) or through the Kentucky state courts.

Objections to the R&R were due not later than June 23, 2006. No objections were filed but on June 27, 2006, petitioner filed a "motion to refile" his habeas corpus petition together with a motion to appoint counsel. Both motions were reviewed by the undersigned magistrate judge and denied by Memorandum Order filed July 3, 2006.

On July 6, 2006, the Clerk of Court received an envelope addressed to "Maxie, Joyce" with a return address of Carlo Monte Gartrell from the Boone County Jail in Burlington, Kentucky.[1] Despite the name on the return address, the paperwork enclosed bears the case caption and case number of

---

[1] Although no further pleadings are necessary or appropriate in this case prior to the decision of the district judge to adopt or reject the pending R&R, petitioner Jenkins should note that any document to be filed in this court need not and should not be addressed to any particular person, but only to the "Clerk of Court."

1

this litigation, and is signed - as with prior pleadings - by petitioner Benjamin Jenkins. The paperwork consists of two documents: "Affidavit Report of Habeas Corpus" and "Motion to Dismissed Counselor."

The first document appears to be petitioner's "report" on the status of his habeas corpus proceedings in state court. According to petitioner, he inquired about the status of his state court petition and was informed that it was filed on June 5, 2006 and would be addressed on June 28, 2006. However, the petition for writ of habeas corpus was not addressed by the state court judge when petitioner appeared in state court on June 28, 2006.

As previously reflected in the R&R filed June 9, 2006 as well as the Memorandum Order filed July 3, 2006, relief is not available to petitioner under 28 U.S.C. §2254, but only (if at all) under §2241. Denial of this federal petition is appropriate not only because it appears that petitioner is entitled to no relief, but also because petitioner has failed to exhaust his administrative remedies under the IAD. Although petitioner may or may not have an additional unexhausted remedy available in state court, petitioner has repeatedly stated that he is attempting to pursue some type of habeas corpus remedy in Ohio and/or Kentucky state court, and that those proceedings are still pending. Petitioner's latest filings do not alter this court's previous conclusions in any respect.

The second document tendered to the Clerk, captioned "Motion to Dismissed Counselor" appears to be a copy of a *pro se* request by petitioner filed in his state court proceeding, seeking to fire his court-appointed attorney in his ongoing state criminal case. This court has no jurisdiction over the appointment of counsel in petitioner's state criminal proceeding. To the extent that this second document relates at all to the first, it will be construed as an exhibit.

**Accordingly, IT IS ORDERED THAT:**

2

1. The document captioned "Affidavit Report of Habeas Corpus" is construed as a **status report** and shall be **filed** as such in this proceeding. The document captioned "Motion to Dismissed Counselor" shall be attached to the construed status report as an Exhibit to that report;

2. As the deadline for filing objections to the Report and Recommendation filed on June 9, 2006 has now expired, the record shall be resubmitted to the presiding district judge for consideration of that Report and Recommendation. NO FURTHER PLEADINGS SHOULD BE FILED IN THIS CASE PENDING THE DISTRICT COURT'S ADOPTION OR REJECTION OF THE REPORT AND RECOMMENDATION.

This the 7th day of July 2006.

Signed By:
*J. Gregory Wehrman*
United States Magistrate Judge